UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CHARLES JAMES, JR.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
13-CV-2492 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Charles James, Jr., proceeding *pro se*, brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's denial of his claim for social security disability insurance benefits. (Dkt. 1.) Pending before the Court is the unopposed motion of the Acting Commissioner of Social Security ("Commissioner") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c). (Dkt. 12–14.) For the reasons stated below, the Commissioner's motion is granted, and Plaintiff's complaint is dismissed with prejudice.

*BACKGROUND*

      Because the Commissioner's motion is unopposed, the Court adopts the facts set forth in the Commissioner's moving brief as if set forth fully herein. (Dkt. 13 at 2–8 (setting forth relevant non-medical and medical evidence); *see also* Dkt. 7 Administrative Record ("Record") at 14); *Jackson v. Fed. Exp.*, --- F.3d ----, 2014 WL 4412333, at *6 (2d Cir. Sept. 9, 2014) (noting that in the case of an unopposed motion, "there is no need for a district court to robotically replicate the defendant-movant's statement of undisputed facts and references to the

record or otherwise serve as an assistant to our law clerks") (citing *Miranda v. Bennett*, 322 F.3d 171, 175, 177 (2d Cir. 2003)).[1] Though an unopposed motion for judgment on the pleadings "allow[s] the district court to accept the movant's factual assertions as true," *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004), the Court has independently reviewed the record in order to "determine from what it has before it whether the moving party is entitled to [] judgment [on the pleadings] as a matter of law." *McDowell v. Commissioner of Soc. Sec.*, 2010 WL 5026745, at *1 (E.D.N.Y. Dec. 3, 2010) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 246) (internal quotation marks omitted).

As for the procedural history giving rise to this matter, on January 5, 2010, Plaintiff filed an application for supplemental security income ("disability benefits"), which was denied. (Record at 14.) Plaintiff requested a hearing, which was held on November 16, 2010, at which Plaintiff testified and represented himself without an attorney. (Record at 14.) Subsequent to the hearing, Administrative Law Judge ("ALJ") Jerome Hornblass issued a written decision, dated December 15, 2010, in which he denied Plaintiff's application for disability benefits on the basis that Plaintiff is not disabled under Section 1614(a)(3)(A) of the Social Security Act ("Act"). (Record at 19.) Plaintiff's petition for judicial review of the Commissioner's decision followed on April 24, 2013. (Dkt. 1.)

*STANDARD OF REVIEW*

I.  FRCP 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FRCP 12(c). The legal standards applicable to a FRCP 12(c) motion are the same as those applied to a FRCP

---

[1] The Administrative Law Judge's specific findings of fact and conclusions of law are discussed below where pertinent. *See infra* at 6–9.

12(b)(6) motion to dismiss. *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). To survive a FRCP 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In evaluating a FRCP 12(b)(6) motion, the Court must accept all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party, here, Plaintiff. *Id.* at 679.

Even when a motion for judgment on the pleadings is unopposed, "[w]here . . . the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). As with unopposed motions for summary judgment pursuant to FRCP 56, when a FRCP 12(c) motion is unopposed, the Court must review the record to determine whether the moving party has established entitlement to judgment as a matter of law. *See Vt. Teddy Bear Co.*, 373 F.3d 241 at 246. In addition, where a plaintiff proceeds *pro se*, the Court must construe the pleadings liberally and interpret them to raise the strongest arguments they suggest. *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006).

II.  Review of Administrative Decisions

In reviewing a final decision of the Commissioner, the Court's duty is to determine whether it is based upon correct legal standards and principles and whether it is supported by substantial evidence in the record, taken as a whole. *See Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (the Court "is limited to determining whether the [Social Security Administration's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard"). "'Substantial evidence is more than a mere scintilla. It

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (alterations and internal quotation marks omitted). In determining whether the Commissioner's findings were based upon substantial evidence, "'the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Id.* (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983)). However, the Court is mindful that "it is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). Under any circumstances, if there is substantial evidence in the record to support the Commissioner's findings as to any fact, they are conclusive and must be upheld. 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013).

*DISCUSSION*

I. <u>Disability Under the Social Security Act</u>

The Act provides that an individual is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act's regulations prescribe a five-step analysis for the Commissioner to follow in determining whether a disability benefit claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520; *Talavera*, 697 F.3d at 151.

First, the Commissioner determines whether the claimant currently is engaged in "substantial gainful activity." If so, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

If not, the Commissioner proceeds to the second inquiry, which is whether the claimant suffers from a medical impairment or combination of impairments that is "severe," meaning that

the impairment "significantly limits [claimant's] physical or mental ability to do basic work activities." If the impairment is not severe, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii), (c).

If the impairment is severe, the Commissioner proceeds to the third inquiry, which is whether the impairment meets or equals one of the impairments listed in Appendix 1 to Subpart P of Part 404 of the Act's regulations. If so, the claimant is presumed disabled and entitled to benefits. 20 C.F.R. § 404.1520(a)(4) (iii).

If not, the Commissioner proceeds to the fourth inquiry, which is whether, despite claimant's severe impairment, he has the "residual functional capacity" to perform past work. 20 C.F.R. § 404.1520(a)(4)(iv). In determining a claimant's residual functional capacity, the Commissioner considers all medically determinable impairments, even those that are not "severe." 20 C.F.R. § 404.1545(a). If the claimant's residual functional capacity is such that s/he can still perform past work, the claimant is not disabled.

If the claimant cannot perform past work, the Commissioner proceeds to the fifth and final inquiry, which is whether, in light of the claimant's residual functional capacity, age, education, and work experience, the claimant has the capacity to perform other substantial gainful work which exists in the national economy. If the claimant has such capacity, the claimant is not disabled. If not, the claimant is disabled and entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v); 42 U.S.C. § 423(d)(2)(A).

The claimant bears the burden of proving his case at steps one through four; at step five, the burden shifts to the Commissioner to establish that there is substantial gainful work in the national economy that the claimant could perform. *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004).

II.   The Administrative Law Judge's ("ALJ") Decision

In denying Plaintiff's application for disability benefits, the ALJ clearly followed the five-step analytic procedure prescribed by the Act and pertinent regulations. First, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since January 5, 2010, the application date." (Record at 16.) Second, the ALJ determined that Plaintiff had the "severe" impairments of a history of low back pain and asthma. (Record at 16.) The ALJ found that the medical evidence showed that Plaintiff "has more than minimal limitations due to the medical impairments" and, therefore, Plaintiff's impairments are "severe." (Record at 16.)[2] Next, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix," even when considering Plaintiff's low back pain and asthma in conjunction. (Record at 16.)[3]

Next, and most relevant to the present motion, the ALJ determined that Plaintiff "has the residual functional capacity to perform medium work activity, avoiding environments with concentrated respiratory irritants." (Record at 16.) Although the ALJ made numerous findings with respect to Plaintiff's medical condition (*see* Record at 16), two findings are of particular note. First, a medical source who examined Plaintiff following his application for benefits, found that "[t]he patient is currently medically stable and clear for occupation." (Record at 17,

---

[2] However, the ALJ found that Plaintiff's gastroesophageal reflux disease (commonly known as "GERD") "is well control[led] with medication, not[] functionally limit[ing], and not an additional severe impairment." (Record at 16.)

[3] As previously discussed, if the claimant's impairment meets or equals one of the impairments set forth in this section of the CFR, the claimant is presumed disabled and entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.").

207.) Second, in support of his finding that Plaintiff could perform "medium work activity," the ALJ noted that Plaintiff, who is 6 feet, 2 inches tall and 260 pounds, "*admitted* that he could do exertionally medium work" and that he "walked to the hearing and it took him about ten minutes" to travel from his nearby home.[4] (Record at 17, 45 (emphasis added).)

Indeed, at the administrative hearing held before the ALJ on November 16, 2010, Plaintiff ("Π") testified, in relevant part:

> Π: . . . my back is really messed up a little bit — and that's about it, I mean, I could work but —
>
> ALJ: You can work?
>
> Π: Yes.
>
> ALJ: You physically can work?
>
> Π: Yes.
>
> ALJ: Is there something emotionally or mentally that prevents you from working?
>
> Π: No.
>
> . . .
>
> ALJ: . . . [H]ow would you characterize yourself in terms of your physical strength, could you do light work, medium work, or heavy work?
>
> Π: Medium work.

(Record at 42–43.) Plaintiff then stated that he was not being treated for any psychiatric-related disorders that impaired his ability to work, and that he had received therapy for anger management following his release from prison but no long had an anger problem. (Record at 44.) In consideration of all the evidence, the ALJ found that although "[Plaintiff's] medically

---

[4] Plaintiff stated that he lived "close" to the location of the administrative hearing. (Dkt. 7 at ECF 48) ("Q: [H]ow did you get here by the way? A: I walked. Q: You live close to here? A: Yes.")

7

determinable impairments could reasonably be expected to cause the alleged range of symptoms . . . [Plaintiff's] statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the residual functional capacity." (Record at 17.)

Having determined that Plaintiff was able to perform medium work activity, the ALJ then proceeded to the next step of the inquiry, and found that Plaintiff "is not able to perform any past relevant work or type of work." (Record at 18.) The ALJ considered whether Plaintiff could perform any past work functions, including work as a construction laborer, groundskeeper, and corrections officer, but found that "[t]he physical and exertional demands exceed his residual functional capacity." (Record at 18.) The ALJ next concluded that Plaintiff "is a younger individual, age 18–49, who had "attended a year of college and is able to communicate in English." (Record at 18.) The ALJ also noted that Plaintiff had not made use of the barber school and real estate agent training he had received. (Record at 18.) The ALJ then found that the transferability (or lack thereof) of Plaintiff's job skills was not material to his analysis because the Medical-Vocational Rules supported a finding that Plaintiff is not disabled irrespective of Plaintiff's job skills. (Record at 18.)

Lastly, the ALJ determined that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Record at 18.) The ALJ based his decision centrally on Plaintiff's admitted ability to perform medium work activity, but also considered whether Plaintiff's asthma, and concomitant sensitivity to respiratory irritants, impaired his ability to perform at the occupational base of unskilled medium work. (Record at 18.) The ALJ concluded that it did not, and that "[t]he limitation on respiratory irritants does not have a

significant impact because restrictions against excessive amounts of noise, dust and respiratory irritants have minimal impact for work at any residual functional capacity." (Record at 18.) Accordingly, the ALJ concluded, "[a] finding of not 'disabled' is appropriate under the framework of Medical-Vocational Guideline Rule 203.29." (Record at 18.)

Ultimately, the ALJ concluded that Plaintiff "has not been under a 'disability', as defined in the Social Security Act, since January 5, 2010, the date the current application was filed," and denied disability benefits. (Record at 19.)

III. <u>The Appeal</u>

Following the ALJ's denial of disability benefits, Plaintiff sought review by the Social Security Appeals Council ("Appeals Council"). Plaintiff submitted new evidence to the Appeals Council, evidence which the ALJ did not have the opportunity to review. (Record at 1–2.) Where a disability benefits claimant submits new evidence to the Appeals Council, the Appeals Council only considers that evidence which is pertinent to the relevant claimed period, *i.e.*, evidence predating the ALJ's decision. *See* 20 C.F.R. §§ 416.1470 ("In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."), 416.1476(b)(1) ("If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you . . . ."). The Appeals Council accordingly disregarded the additional evidence submitted by Plaintiff because it fell outside the relevant time period. (Record at 2) ("This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 15, 2010."). The Appeals Council denied Plaintiff's appeal, concluding that

9

"[w]e have found no reason under our rules to review the [ALJ]'s decision. Therefore, we have denied your request for a review." (Record at 1.)

The instant petition followed.

IV. Analysis

   a. The ALJ Applied the Correct Legal Standards and Did So Correctly

The ALJ clearly applied the correct legal standards in the appropriate fashion. As discussed, the ALJ applied the required five-step analysis. He also correctly applied the appropriate legal standards in determining that Plaintiff had the residual functional capacity to perform medium level work, particularly given Plaintiff's acknowledgement that he was able to perform medium level work and that he was not experiencing any psychological or emotional impairments. Accordingly, because the ALJ's five-step analysis was appropriate and sufficient to conclude that James is not disabled, the Court declines to overturn the ALJ's decision as contrary to law. *See Lynn v. Comm'r of Soc. Sec.*, 11-CV-917(CBA), 2013 WL 1334030, at *13 (E.D.N.Y. Mar. 30, 2013) (declining to overturn as "contrary to law" ALJ decision where the ALJ conducted the five-step analysis).

   b. The ALJ's Decision is Supported by Substantial Evidence

In assessing a claim for disability benefits, the ALJ must consider all of the relevant medical and non-medical evidence in the record and assess the claimant's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 404.1545(a)(3)–(4). The ALJ is required to consider *all* of the claimant's impairments, even those ultimately determined to be non-severe. 20 C.F.R. § 404.1545(a)(2).

In evaluating a claimant's assertions of pain and other symptoms, the ALJ must follow a two-step process. First, the ALJ must determine whether the claimant suffers from an underlying

medically determinable physical or mental impairment that reasonably could be expected to produce the pain or other symptoms complained of. 20 C.F.R. § 404.1529(b). The ALJ here did just that. (Record at 17) ("[T]he undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged range of symptoms[.]").

The next step in the analysis is to consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical and non-medical evidence in the record. *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). In making this second determination, the ALJ considers all of the evidence in the case record, including statements or reports from the claimant and the claimant's treating or nontreating medical sources about the claimant's medical history, diagnosis, prescribed treatment, daily activities, and efforts to work, and any other evidence showing how the claimant's impairment(s) and any related symptoms affect the claimant's ability to work. 20 C.F.R. § 404.1529(a). Although the ALJ is required to take the claimant's reports of pain and other limitations into account, the claimant's statements alone cannot establish disability, *see id.*; *Genier*, 606 F.3d at 49, and the ALJ is "not required to accept the claimant's subjective complaints without question; [s/]he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier*, 606 F.3d at 49 (citations omitted); *see also Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979) ("The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."). It is the ALJ's responsibility to weigh conflicting evidence in the record and afford proper weight to the evidence that the ALJ finds most persuasive and that is more consistent with the record as a whole. *See Veino v. Barnhart*, 312

F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Here, the ALJ's findings are supported by substantial evidence in the record. The ALJ considered the testimony Plaintiff gave at the hearing, including descriptions of Plaintiff's low back pain, arthritis, asthma, and acid reflux condition. (Record at 17.) The ALJ also considered Plaintiff's statements that he was able to perform medium work activities and had walked to the hearing in about ten minutes from Plaintiff's home, which was nearby. (Record at 17, 45.) The ALJ also considered Plaintiff's medical records which, the ALJ concluded, "shows infrequent emergency room treatment for asthma and back pain with muscle spasm[s]." (Record at 17.)[5]

The ALJ also described in depth the results of an emergency room visit Plaintiff made in March 18, 2010, subsequent to Plaintiff's application for disability benefits. (Record at 17.) The ALJ noted that the "lumbosacral x-ray was normal with a trace of levoscoliosis for [Plaintiff's] complaint of back pain" and that "no degenerative joint disease or arthritic changes [were]

---

[5] The ALJ's observation that Plaintiff offered no medical source statements or opinions from any *treating* sources (Record at 17) is correct, insofar as the only medical source statement submitted is from a Dr. Chitoor Govindaraj, who appears to have examined Plaintiff on one occasion in connection with Plaintiff's disability claims, but not in connection with providing medical treatment or in the context of an ongoing physician-patient relationship. (*See* Record at 205–208.) Therefore, Dr. Govindaraj does not qualify as a treating physician for purposes of the "treating physician rule." *See Coty v. Sullivan*, 793 F. Supp. 83 (S.D.N.Y. 1992) (quoting *Schisler v. Bowen*, 851 F.2d 43, 46 (App'x A) (2d Cir. 1988)) (defining "treating physician" as a physician "who has provided the individual with medical treatment or evaluation and who has or had an ongoing treatment and physician-patient relationship with the individual"); *see also Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (explicating treating physician rule, which provides that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record'") (quoting 20 C.F.R. § 404.1527(d)(2)). In any event, Dr. Govindaraj's statement amply supports the ALJ's finding on non-disability—Dr. Govindaraj concluded that "[t]he patient is currently medically stable and clear for occupation" and that "[o]verall medical prognosis is good." (Record at 207.) The ALJ did not erroneously afford controlling weight to the statements of Dr. Govindaraj, which could constitute reversible error.

visible." (Record at 17.) The ALJ took into account that at the examination, Plaintiff's "[b]ack motion was normal and there was no spinal muscle spasms" with Plaintiff's "[g]ait and straight leg raising tests [] normal." (Record at 17.) The ALJ finally credited the examining physician's medical source statement that "[t]he patient is currently medically stable and clear for occupation." (Record at 17.) There were no contrary medical source statements in the Record.

Based on the record evidence before the ALJ, which notably included Plaintiff's testimony that he was able to perform "medium" work activities and "could work" without any psychological or emotional impediments, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent that they are inconsistent with the residual functional capacity." (Record at 17.) The ALJ, in accordance with his duty to weigh conflicting evidence in the record and credit that which was more persuasive and consistent with the record as a whole, was entitled to credit the admissions of Plaintiff, along with the rest of the medical and non-medical evidence. In light of that evidence, the ALJ concluded that Plaintiff possessed the residual functional capacity to perform medium work activity. Those findings and conclusions were amply supported by substantial evidence in the record, and there is no basis for overturning them.

*CONCLUSION*

Based on the foregoing, the Court finds that the ALJ applied the correct legal standards and did so in the correct manner, and that the ALJ's conclusions of law and findings of fact are supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings pursuant to FRCP 12(c) is granted in its entirety, and the ALJ's decision is affirmed. The Clerk of Court respectfully is directed to terminate this matter.

SO ORDERED:

   /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: September 24, 2014
       Brooklyn, New York